**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4501**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER TYSHAWN WASHINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:18-cr-00368-CCE-1)

Submitted: November 12, 2021        Decided: December 16, 2021

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Todd A. Smith, SMITH GILES PLLC, Graham, North Carolina, for Appellant. Sandra J. Hairston, Acting United States Attorney, John McRae Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Tyshawn Washington pled guilty in February 2019, pursuant to a written plea agreement, to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). On June 19, 2019, the district court imposed concurrent 120-month sentences on each count. Washington appealed.

Shortly after Washington was sentenced, and while his appeal was pending, the Supreme Court issued its opinion in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), in which the Court addressed the knowledge element of a § 922(g) offense and explained that, "[t]o convict a defendant [under § 922(g)], the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194. On appeal, Washington argues that his conviction is invalid because an essential element of the offense was omitted from the indictment and from the Fed. R. Crim. P. 11 colloquy.

Washington argues, first, that, in light of *Rehaif*, his indictment was invalid because it omitted an essential element of the offense. Because he did not raise this claim in the district court, this court's review is for plain error. *United States v. Quinn*, 359 F.3d 666, 672 (4th Cir. 2004). "When a post-verdict challenge to the sufficiency of an indictment is made, every intendment is then indulged in support of . . . sufficiency." *United States v. Vogt*, 910 F.2d 1184, 1201 (4th Cir.1990).

To establish plain error, a defendant must satisfy three requirements: (1) "an error;" (2) "the error must be plain;" (3) "the error must affect substantial rights, which generally

2

means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021) (internal quotation marks omitted). "If those three requirements are met, an appellate court may grant relief if it concludes that the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *Id.* at 2096–97 (internal quotation marks omitted). We find that Washington cannot establish error, let alone plain error, with respect to the validity of the indictment. Prior to the entry of his guilty plea, the Government filed an Information of Prior Conviction, 21 U.S.C. § 851(a)(1), noting that Washington was previously convicted of a felony drug offense (possession with intent to distribute cocaine) and sentenced to 11-23 months' imprisonment. At his Fed. R. Crim. P. 11 hearing, Washington acknowledged his awareness of the Information and of his prior felony conviction.

Accordingly, Washington cannot establish plain error with respect to the validity of the indictment. In any event, Washington waived any challenge to the sufficiency of the indictment by pleading guilty, *see United States v. Moussaoi*, 591 F.3d 263, 279 (4th Cir. 2010). To the extent Washington claims that the *Rehaif* error deprived the district court of jurisdiction, it is well settled that a defect in an indictment does "not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

Washington's second argument is also unavailing: that his plea was not knowing and voluntary because the district court failed to apprise him of each of the elements of the § 922(g) offense and relied on an insufficient factual basis because it omitted the knowledge element. This claim fails for the same reason as Washington's first argument,

3

namely that he cannot establish plain error given his acknowledgement of his felony conviction at his Rule 11 hearing.

"In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. at 2100. Washington has made no such argument or representation. Further, here, as in *Greer,* Washington's prior convictions are "substantial evidence" that he knew he was a felon when he possessed a firearm.

In *Greer*, the Supreme Court explained that a defendant typically cannot show prejudice under *Rehaif* in a felon-in-possession of a firearm case because felons generally know they are felons:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets.

*Id.* at 2097 (citations and internal quotation marks omitted).

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4